### R. SANSING v. J. D. RISINGER.

#### (No. 5615.)

APPEAL from Lamar County.   Opinion by HURT, J.

HALE & HALE, counsel for appellant.

J. C. HODGES, H. P. PARK and R. WOOLDRIDGE, counsel for appellees.

§ **109.** *Landlord and tenant; distinction between a subtenant and an assignee of a lease.* Appellee sued Sansing in the county court for $250 actual and $500 exemplary damages; the actual damages being the value of cotton claimed by Risinger, and levied on and sold by Sansing by virtue of a distress warrant issued in his favor and against his tenant, B. F. Parrish, which cotton plaintiff claimed was not subject to levy under the distress warrant, but was the property of the plaintiff, Risinger. There were verdict and judgment for appellee for $250 and $66.66⅔ interest, from which Sansing appeals. This is the second appeal in this suit. On the former appeal this court held that one Talford was not the subtenant of Parrish. [2 Civil Cas. Ct. App., § 713.] Now, if Talford was the subtenant of Parrish, then this judgment should be affirmed; if not, it should be reversed. We have very carefully examined the facts relied upon as supporting the theory of subtenancy. When stripped of the opinions of witnesses, they are wholly insufficient to support the fact of subtenancy. The evidence relied upon bearing upon this point contained in this statement of facts is not materially different from that on the former. We held that this evidence did not establish a co-tenancy; but, on the contrary, presented a case in which the "tenant, Parrish, had assigned to Talford a part of the crop in payment of the latter's wages, subject to the rent claim." We conclude, as we did on the former appeal, that the cotton was subject to Sansing's rent claim, and was legally seized and sold under his distress warrant, and that Risinger was not entitled to recover in this action.

May 10, 1890.                    Reversed and remanded.